UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICKEAL R.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

NO. 1:21-CV-3159-TOR

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 13, 14). The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's motion.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 § 416.920(a)(4)(i)–(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity, defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

This matter is before the Court following the reevaluation of Plaintiff's claim pursuant to an Order of Remand issued by this Court on August 5, 2020. Tr. 655–76. Plaintiff initially filed an application for Title XVI supplemental security income benefits on June 9, 2016, alleging an onset date of June 8, 2016. Tr. 20. An Administrative Law Judge ("ALJ") issued an unfavorable decision on January 30, 2019. Tr. 20–31. Plaintiff sought judicial review. Tr. 640–42. The Court remanded the matter for further administrative proceedings. Tr. 655–76.

Upon remand, the ALJ was directed to reconsider the longitudinal medical evidence, reweigh Plaintiff's symptom testimony, reweigh the medical evidence, and conduct a new sequential evaluation. Tr. 566. On July 14, 2021, Plaintiff again appeared before the ALJ for a telephonic hearing. *Id*. The ALJ issued his decision on September 1, 2021, denying Plaintiff's claim for a second time. Tr. 581. This appeal followed.

At step one of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 9, 2016, the application date. Tr. 569. At step two, the ALJ found Plaintiff had the following severe impairments: residual effects of stab wound; degenerative joint disease of the shoulder; migraine

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

headaches; attention deficit/hyperactivity disorder (ADHD); depressive disorder; anxiety disorder; borderline intellectual functioning (BIF); and post-traumatic stress disorder (PTSD). *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. *Id.* The ALJ then found Plaintiff had a residual functional capacity to perform light work with the following limitations:

> [Plaintiff] needs to alternate position every thirty minutes, but he will not be off task more than 10%. He can never climb ladders, ropes or scaffolds. He can occasionally stoop, crouch, kneel, and crawl. He must avoid concentrated exposure to hazards. He can perform simple work-related instructions, tasks, and decisions with occasional changes in the workplace. He cannot interact with the public. He will have only incidental interaction with coworkers.

Tr. 571.

At step four, the ALJ found Plaintiff did not have any past relevant work. Tr. 579. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, residual functional capacity, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as a pricer/marker, house sitter, and hand packager-inspector. Tr. 580. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from June 9, 2016, the application date, through September 1, 2021, the date of the ALJ's decision. Tr. 581.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**ISSUES**

Plaintiff raises the following issues for this Court's review:

1.  Whether the ALJ properly evaluated Plaintiff's migraines and psychological impairments at steps two, three, and four; and

2.  Whether the ALJ properly weighed the medical opinion evidence.

ECF No. 13 at 2.

**DISCUSSION**

**A.    Plaintiff's Impairments**

Plaintiff contends the ALJ failed to properly assess Plaintiff's migraines, bipolar disorder, and borderline personality disorder.  ECF No. 13 at 6–8.  Plaintiff challenges the ALJ's assessment of these impairments at steps two, three, and four.

*1.  Migraines—Subjective Symptom Testimony*

Plaintiff alleges the ALJ erred by failing to provide reasons for discounting Plaintiff's subjective symptom testimony regarding the frequency of his migraines. ECF No. 13 at 6.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

1   expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674
2   F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591
3   (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could
4   reasonably be expected to cause the severity of the symptom she has alleged; she
5   need only show that it could reasonably have caused some degree of the
6   symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d
7   1028, 1035–36 (9th Cir. 2007)).

8       Second, "[i]f the claimant meets the first test and there is no evidence of
9   malingering, the ALJ can only reject the claimant's testimony about the severity of
10  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the
11  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations
12  omitted).  General findings are insufficient; rather, the ALJ must identify what
13  symptom claims are being discounted and what evidence undermines these claims.
14  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*
15  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently
16  explain why he or she discounted claimant's symptom claims).  "The clear and
17  convincing [evidence] standard is the most demanding required in Social Security
18  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*
19  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).
20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    The ALJ is instructed to "consider all of the evidence in an individual's

2 record," "to determine how symptoms limit ability to perform work-related

3 activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity,

4 persistence, and limiting effects of a claimant's symptoms, the following factors

5 should be considered: (1) daily activities; (2) the location, duration, frequency, and

6 intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

7 symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

8 an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

9 other than medication, an individual receives or has received for relief of pain or

10 other symptoms; (6) any measures other than treatment an individual uses or has

11 used to relieve pain or other symptoms; and (7) any other factors concerning an

12 individual's functional limitations and restrictions due to pain or other symptoms.

13 SSR 16-3p, 2016 WL 1119029, at *7–8; 20 C.F.R. § 416.929(c)(3).

14    Here, the ALJ found Plaintiff's impairments could reasonably be expected to

15 cause the alleged symptoms; however, Plaintiff's statements concerning the

16 intensity, persistence, and limiting effects of those symptoms were not entirely

17 consistent with the evidence. Tr. 572.

18    Regarding Plaintiff's testimony about his migraines, the ALJ found

19 Plaintiff's testimony inconsistent with the objective medical evidence. *Id.* For

20 example, despite alleging ongoing episodic migraines, there are only a few

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

1  references in Plaintiff's medical records in which he made specific requests for

2  migraine treatments. *Id.* (citations to the record omitted). Additionally, Plaintiff's

3  neurological examination findings were generally unremarkable. *Id.* Plaintiff also

4  testified that Imitrex nearly eliminated his migraines. *Id.* "Impairments that can be

5  controlled effectively with medication are not disabling for the purpose of

6  determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*,

7  439 F.3d 1001, 1006 (9th Cir. 2006). Finally, Plaintiff's medications were

8  discontinued in 2020. Tr. 572. He testified he did not know the reason they were

9  discontinued but treatment notes indicate Plaintiff was misusing his prescriptions.

10  *Id.* (citing Tr. 927, 932).

11    Plaintiff's daily activities were also inconsistent with his hearing testimony.

12  Despite testifying that his migraines prohibit him from going outside due to light

13  sensitivity and crying nearly every day from pain, Plaintiff reported to a care

14  provider that he enjoyed hiking and snowboarding. Tr. 571, 574–75. He also

15  denied difficulty completing daily activities. Tr. 574 (citations to the record

16  omitted). In early 2020, Plaintiff reported staying "busy" working on cars and

17  trapping cats. Tr. 575. Later in 2020, Plaintiff stated he worked on his truck,

18  engaged in hobbies, and rode his all-terrain vehicle. *Id.* The ALJ concluded the

19  performance of such activities suggested Plaintiff was not as limited as he alleged.

20  *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1    The ALJ provided clear and convincing reasons supported by substantial

2    evidence for concluding that Plaintiff's subjective symptom testimony about his

3    migraines conflicted with the overall record.

4         *2. Migraines—Listing 11.02B*

5    Plaintiff also alleges the ALJ failed to properly assess his migraines under

6    Listing 11.02B.  ECF No. 13 at 7.

7    At step three, the ALJ first determines whether a claimant's impairment

8    meets or equals an impairment in the Listing of Impairments (the "Listings").  *See*

9    20 C.F.R. § 416.920(a)(4)(iii).  The Listings describe specific impairments that are

10   recognized as severe enough to prevent a person from engaging in substantially

11   gainful activities.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.  Each impairment is

12   described using characteristics established through "symptoms, signs and

13   laboratory findings."  *Tackett*, 180 F.3d at 1099.

14   To *meet* an impairment, a claimant must establish she meets each of the

15   characteristics of the listed impairment.  *Id.*  To *equal* an impairment, a claimant

16   must establish symptoms, signs, and laboratory findings "at least equal in severity

17   and duration" to the characteristics of the listed impairment, or, if a claimant's

18   impairment is not listed, to the impairment "most like" the claimant's own.  *Id.*  If

19   a claimant meets or equals one of the listed impairments, the claimant will be

20   considered disabled without further inquiry.  *See* 20 C.F.R. § 416.920(d).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

Plaintiff argues the ALJ failed to properly assess his migraines under Listing 11.02B. ECF No. 13 at 7. Migraine headaches are not listed impairments under the Listings. However, the Social Security Administration has identified epilepsy (Listing 11.02) as the most analogous impairment to headache disorders. SSR 19-4p, 2019 WL 4169635, at *7. Paragraph B of Listing 11.02 requires documentation with a detailed description of a typical seizure (or equivalent for migraines), occurring at least once a week for at least three consecutive months despite adherence to prescribed treatment. 20 C.F.R. Pt. 404, Subpt. P, App.1 § 1102B. The policy interpretation regarding Listing 11.02B includes additional factors an ALJ may consider when evaluating a claimant's migraines, such as: whether there are detailed descriptions from an acceptable medical source of the headache event (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of the headaches; adherence to prescribed treatment and any side effects (for example, drowsiness, confusion, or inattention caused by the medication); and whether the claimant experiences any limitations in functioning (for example, the need for a dark and quiet room, having to lie still, sleep disturbances, or other related limitations). SSR 19-4p, 2019 WL 4169635, at *7.

Here, the ALJ stated Plaintiff's migraines did not medically equal either Listing 11.02B because the medical evidence did not support the frequency,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

duration, and level of functional impairment defined by the regulations. Tr. 569–70. The ALJ did not discuss Plaintiff's migraines further at step three. While boilerplate findings are generally insufficient, an ALJ that makes a finding elsewhere in her decision that would preclude a claimant from establishing step three does not err. *Lewis v. Apfel*, 236 F.3d 503, 512–13 (9th Cir. 2001) (citation omitted).

Here, the ALJ assessed Plaintiff's migraines when considering Plaintiff's subjective symptom testimony, ultimately concluding the objective medical evidence and the record as a whole did not reflect the level of impairment alleged by Plaintiff. Tr. 571–75. Thus, Plaintiff was precluded from establishing that the severity of his migraines met or equaled Listing 11.02B. The Court finds the ALJ's reasoning for rejecting equivalence under Listing 11.02 is supported by substantial evidence.

### 3. Migraines—RFC

Plaintiff challenges the ALJ's assessment of Plaintiff's RFC at step four, arguing the ALJ failed to account for Plaintiff's migraine triggers (sound and light). ECF No. 13 at 6.

If an ALJ determines a claimant's impairment does not meet or equal a Listing at step three, the ALJ must then consider at step four whether the claimant has any residual functional capacity ("RFC"). 20 C.F.R. § 416.945(a)(1). RFC is

1    what one can do despite one's limitations and is based on all the relevant medical

2    and other evidence in the case record. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th

3    Cir. 2014) (quotations and brackets omitted). RFC is used at step four to

4    determine if a claimant can perform past work, and at step five to determine if a

5    claimant can adjust to other work. *Id.*

6          Here, the ALJ determined Plaintiff had the following RFC:

7          [Plaintiff] needs to alternate position every thirty minutes, but he will
            not be off task more than 10%. He can never climb ladders, ropes or

8          scaffolds. He can occasionally stoop, crouch, kneel, and crawl. He
            must avoid concentrated exposure to hazards. He can perform simple

9          work-related instructions, tasks, and decisions with occasional
            changes in the workplace. He cannot interact with the public. He will

10         have only incidental interaction with coworkers.

11    Tr. 571.

12          To support this conclusion, the ALJ considered all symptoms and the extent

13    to which those symptoms could be reasonably accepted as consistent with the

14    objective medical evidence, opinion evidence, and other evidence. *Id.* Plaintiff

15    argues the ALJ failed to account for his migraines in the RFC because the RFC

16    does not included limitations to light or sound exposure. ECF No. 13 at 6.

17    However, the ALJ explicitly considered Plaintiff's migraines when evaluating

18    Plaintiff's symptom testimony and ultimately found the intensity, persistence, and

19    limiting effects of Plaintiff's alleged migraine symptoms were not consistent with

20    the evidence in the record. Tr. 572–73. Accordingly, there was no need for the

1  ALJ to include a light and sound limitation in Plaintiff's RFC.  As previously

2  discussed, the ALJ did not err in rejecting the severity of Plaintiff's alleged

3  migraine symptoms; the ALJ's assessment of Plaintiff's RFC is supported by

4  substantial evidence.

5            *4.   Bipolar Disorder and Borderline Personality Disorder—Severe*

6                  *Impairments*

7            Plaintiff argues the ALJ erred by failing to find Plaintiff's bipolar disorder

8  and borderline personality disorder as severe impairments.  ECF No. 13 at 7–8.

9            At step two of the sequential process, the ALJ must determine whether a

10  claimant suffers from a "severe" impairment, i.e., one that significantly limits her

11  physical or mental ability to do basic work activities.  20 C.F.R. § 416.920(c).  To

12  show a severe impairment, the claimant must first prove the existence of a physical

13  or mental impairment by providing medical evidence consisting of signs,

14  symptoms, and laboratory findings; the claimant's own statement of symptoms

15  alone will not suffice.  20 C.F.R. § 416.921.

16            An impairment may be found non-severe when "medical evidence

17  establishes only a slight abnormality or a combination of slight abnormalities

18  which would have no more than a minimal effect on an individual's ability to work

19  . . . ."  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an

20  impairment is not severe if it does not significantly limit a claimant's physical or

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

In evaluating a claimant's mental impairments, an ALJ follows a special two-step psychiatric review technique. *See* 20 C.F.R. § 416.920a. First, the ALJ must determine whether there is a medically determinable impairment. 20 C.F.R. § 416.920a(b)(1). If the ALJ determines an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in the following four broad functional categories: (1) understand, remember, or apply information;

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

(2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself.  20 C.F.R. § 416.920a(c)(3).

The ALJ did not explicitly consider Plaintiff's bipolar disorder and borderline personality disorder.  However, the ALJ did assess Plaintiff's mental impairments under the functional categories in the step three analysis, discussed below, finding Plaintiff was severely impaired by ADHD, depressive disorder, anxiety disorder, borderline intellectual functioning, and PTSD.  Tr. 569.  Based on the step three assessment, the ALJ concluded the above listed impairments best reflected the various psychological diagnoses in Plaintiff's medical history.  *Id.* The ALJ found these impairments caused only minimal limitation to Plaintiff's ability to perform basic mental work activities but notably still accounted for the limitations in Plaintiff's RFC.  *Id.*

As to the first functional area of understanding, remembering, or applying information, and the third functional category of concentrating, persisting, or maintaining pace, the ALJ rated Plaintiff's limitations as moderate.  Tr. 570.  The ALJ noted Plaintiff required reminders to take his medication and to care for his personal needs, his mental testing resulted in mixed findings, and his memory and concentration were impaired at times.  *Id.* (citations to the record omitted).  However, Plaintiff reported the ability to pay bills, count change, and handle a savings account.  *Id.*  He also participated in GED classes while incarcerated and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

used a computer. *Id.* He worked on reading and indicated learning from anger management classes. *Id.*

Under the second functional area of interacting with others, the ALJ rated Plaintiff with moderate limitations. Tr. 570. Plaintiff reported difficulty getting along with authority figures and was released from employment due to social conflict. *Id.* At times, Plaintiff appeared anxious and depressed; other times, he was pleasant and cooperative. *Id.* Additionally, Plaintiff lived with a roommate and had a significant other. *Id.* He reported living with a girlfriend and her children at some point. *Id.* He also played video games with his father.

In the final functional category of adapting or managing oneself, the ALJ rated Plaintiff's limitation moderate. Tr. 570. Plaintiff sometimes reported feeling "trapped," but also reported feeling happy and proud of himself. *Id.* He was able to care for two kittens and was generally able to address his own personal care. *Id.* He drove a car and was able to go out alone and stated he went camping during the summer. *Id.* He also indicated making progress toward meeting his probation goals and was noted to adjust to separation from his fiancée within normal limits. *Id.*

Although the ALJ did not overtly reference Plaintiff's bipolar disorder or borderline personality disorder at step two, the ALJ concluded Plaintiff suffered from only moderate mental impairments, which were reflected in Plaintiff's RFC.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19

1    Consequently, even if the ALJ erroneously identified these impairments as non-

2    severe, any error would be harmless because the ALJ considered Plaintiff's mental

3    limitations when assessing Plaintiff's RFC.  *See Dattilo v. Berryhill*, 773 F. App'x

4    878, 880 (9th Cir. 2019); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050,

5    1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005).

6    The ALJ's conclusions are supported by substantial evidence.

7        *5.  Bipolar Disorder and Borderline Personality Disorder—Subjective*

8            *Symptom Testimony*

9        Plaintiff also alleges the ALJ failed to provide specific, clear, and

10   convincing reasons for rejecting his subjective symptom testimony regarding his

11   psychological impairments.  ECF No. 13 at 19.

12       Plaintiff testified that he experiences a lot of stress and worry from past

13   trauma.  Tr. 572.  He claims to have panic attacks daily, which require several

14   hours of recovery.  *Id.*  He reports that the anxiety feels like he was stabbed in the

15   chest.  *Id.*  Although Plaintiff reports that medication lessens his panic, he claims

16   significant decompensation as a side effect, which has required crisis intervention.

17   *Id.*  The ALJ found Plaintiff's impairments could reasonably be expected to cause

18   the alleged symptoms; however, Plaintiff's statements concerning the intensity,

19   persistence, and limiting effects of those symptoms were not entirely consistent

20   with the evidence.  *Id.*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 20

1    The ALJ noted the record confirmed trauma dating back to Plaintiff's

2    childhood and that he was diagnosed with major depressive disorder, generalized

3    anxiety disorder, borderline personality disorder, and PTSD. Tr. 573.  However,

4    the ALJ found Plaintiff's allegations of incapacitating mental symptoms were not

5    supported by the objective medical evidence. *Id.*  Plaintiff's records indicated he

6    appeared oriented and cooperative with adequate eye contact, appropriate behavior,

7    normal mood and affect, normal speech, adequate memory and concentration, and

8    normal insight and judgment. *Id.* (citations to the record omitted).  He generally

9    did not exhibit difficulties in expressive or receptive language abilities. *Id.*  He

10   was also able to answer questions appropriately. *Id.*  Plaintiff's prison records also

11   reflect that he mostly felt well and was observed with unremarkable behavior, no

12   acute stress, normal speech, normal mood and affect, normal thought content,

13   normal cognition, and adequate grooming. *Id.* (citations to the record omitted).

14   The ALJ also noted Plaintiff responded well to a medication adjustment.  In

15   March 2020, Plaintiff was acting erratically and intentionally overdosed on his

16   prescription benzodiazepines. Tr. 574.  However, in April 2020, Plaintiff reported

17   feeling more stable and easy-going, and that his irritability and depressions had

18   mostly resolved with new medication. *Id.*  Although Plaintiff experienced

19   occasional fluctuations in mood thereafter, he generally endorsed stability,

20   euthymia, and doing well. *Id.*  "Impairments that can be controlled effectively

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

1   with medication are not disabling for the purpose of determining eligibility for SSI

2   benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.

3   2006).

4          Finally, as previously discussed, Plaintiff reported engaging in a variety of

5   activities, including hiking and snowboarding, working on his truck, and engaging

6   in hobbies.  Tr. 574–75.  Additionally, Plaintiff was able to drive a vehicle.  Tr.

7   575.  The ALJ found operating a vehicle required the ability to multitask while

8   dealing with external and internal stimuli, making strategic decisions, and control

9   decisions.  *Id.*  Consequently, the ALJ found Plaintiff's alleged mental

10  impairments were not as severe as Plaintiff claimed.  *Id.*  The ALJ provided clear

11  and convincing reasons for rejecting Plaintiff's testimony regarding his

12  psychological impairments and the reasons were supported by substantial

13  evidence.

14         Based on the foregoing, the Court finds the ALJ's conclusions regarding

15  Plaintiff's migraines and mental impairments were properly supported by

16  substantial evidence, and that the ALJ cited clear and convincing evidence for

17  rejecting these limitations.

18         **B.    Medical Testimony**

19         Plaintiff argues the ALJ erred in rejecting the medical opinions of Dr.

20  Eisenhauer, Ph.D., Dr. Harding, M.D., three DSHS examiners, and Dr. Shadrach,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

1    Psy.D.  ECF No. 13 at 9–17.

2        There are three types of physicians: "(1) those who treat the claimant

3    (treating physicians); (2) those who examine but do not treat the claimant

4    (examining physicians); and (3) those who neither examine nor treat the claimant

5    [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

6    *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted).

7    Generally, the opinion of a treating physician carries more weight than the opinion

8    of an examining physician, and the opinion of an examining physician carries more

9    weight than the opinion of a reviewing physician.  *Id.*  In addition, the

10   Commissioner's regulations give more weight to opinions that are explained than

11   to opinions that are not, and to the opinions of specialists on matters relating to

12   their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

13       If a treating or examining physician's opinion is uncontradicted, an ALJ may

14   reject it only by offering "clear and convincing reasons that are supported by

15   substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

16   "However, the ALJ need not accept the opinion of any physician, including a

17   treating physician, if that opinion is brief, conclusory, and inadequately supported

18   by clinical findings."  *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir.

19   2000) (internal quotation marks and brackets omitted).  An ALJ may only reject

20   the opinion of a treating or examining doctor by providing specific and legitimate

1 reasons that are supported by a substantial weight of the evidence, even if that

2 opinion is contradicted by another doctor.  *Lester v. Chater*, 81 F.3d 821, 830–31

3 (9th Cir. 1995)).  The opinion of a nonexamining physician may serve as

4 substantial evidence if it is supported by other independent evidence in the record.

5 *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

6        *1.  Dr. Renee Eisenhauer, Ph.D.*

7        Dr. Eisenhauer was a State Agency consultant who assessed Plaintiff's

8 limitations in February 2017, opining that Plaintiff could understand and remember

9 simple one- to three-step instructions, standard work-like procedures, and regular

10 work locations; he could maintain concentration, persistence, and pace for up to

11 two hours; could maintain adequate attendance and complete a normal

12 workday/workweek; could work in the presence of the public on a superficial

13 basis; and could manage simple and superficial cooperation with coworkers and

14 supervisions in well-chosen settings where tasks were cognitively suitable.  Tr.

15 576.  The ALJ gave partial weight to Dr. Eisenhauer's opinion, finding it

16 somewhat consistent with the record evidence.  *Id.*  However, the ALJ included

17 additional accommodations to account for Plaintiff's mental limitations.  *Id.*

18        Dr. Eisenhauer's assessment also suggested Plaintiff could have contact with

19 others "in a well-chosen setting where tasks are cognitively suitable."  Id.  The

20 ALJ gave this portion of her opinion no weight, finding the recommendation vague

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

1    and irrelevant to a vocational assessment.  *Id*.  Plaintiff argues the ALJ failed to

2    provide an explanation for rejecting this portion of the opinion.  ECF No. 13 at 9.

3    The Court disagrees.  Relevant factors to evaluating any medical opinion include

4    the amount of relevant evidence that supports the opinion, the quality of the

5    explanation provided in the opinion, and the consistency of the medical opinion

6    with the record as a whole.  *Lingenfelter*, 504 F.3d at 1042; *Orn v. Astrue*, 495

7    F.3d 625, 631 (9th Cir. 2007).  Thus, the ALJ could permissibly reject an opinion

8    that was vague and irrelevant, as was the case with this portion of Dr. Eisenhauer's

9    opinion.

10          *2.  Dr. Joan Harding, M.D.*

11          Dr. Harding was an examining physician who performed a physical exam of

12   Plaintiff in June 2016, opining Plaintiff was capable of performing only sedentary

13   work.  Tr. 575.  The ALJ gave this opinion little weight, finding the opinion

14   internally inconsistent and inconsistent with the overall record.  Tr. 575–76.  To

15   support these conclusions, the ALJ noted Dr. Harding premised her findings on

16   Plaintiff's difficulties with walking and standing but also documented Plaintiff to

17   have normal and symmetrical knee range of motion, and only mild pain on

18   examination.  *Id*.  Dr. Harding indicated Plaintiff's difficulty with walking and

19   standing was attributable to a knee injury sustained thirty-two years prior but noted

20   Plaintiff had not received medical exams or treatments for the injury.  Tr. 576.  The

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25

1  ALJ concluded a normal exam finding with only mild pain and lack of treatment

2  for the attributable injury did not support the conclusion that Plaintiff was limited

3  to sedentary work.  *Id.*

4      The ALJ also cited to inconsistencies with the record as a whole.  For

5  example, the record revealed some abnormalities in Plaintiff's physical

6  presentation, but generally, Plaintiff displayed largely unremarkable gait, strength,

7  sensation, and range of motion in his extremities.  Tr. 576.  He also demonstrated

8  the ability to drive a car, ride an ATV, and work on trucks.  *Id.*  The ALJ

9  concluded Dr. Harding's exam findings that Plaintiff was limited to sedentary

10  work were not supported by the longitudinal record.  *Id.*  The Court finds the ALJ

11  provided clear and convincing reasons supported by substantial evidence for

12  discrediting Dr. Harding's opinion evidence.

13      *3.  DSHS Examiners*

14      Dr. Cline, Dr. Genthe, and Dr. Wachsmuth were DSHS examiners who

15  provided opinions regarding Plaintiff's mental status.  Tr. 577.  Dr. Wachsmuth

16  and Dr. Genthe found Plaintiff would be unable to complete a normal workday or

17  workweek, and Dr. Cline found Plaintiff had a marked inability to complete a

18  workday or workweek.  *Id.*  The ALJ found these opinions internally inconsistent

19  and inconsistent with the record as a whole.  *Id.*  For example, Dr. Cline and Dr.

20  Genthe observed Plaintiff with a flattened/restricted affect, but other examiners

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 26

1  indicated Plaintiff was cooperative and adequately groomed with normal speech

2  and fair to good eye contact.  *Id.*  Additionally, some examiners noted Plaintiff had

3  impaired memory, concentration, and judgment while Dr. Wachsmuth observed

4  normal thought process and content, orientation, perception, memory, and

5  concentration.  *Id.*

6          Further, Dr. Wachsmuth and Dr. Genthe opined that vocational training or

7  services would eliminate or minimize Plaintiff's barriers to employment, but the

8  ALJ noted these findings were inconsistent with their assessments that Plaintiff

9  could not complete a workday/workweek.  *Id.*  Similarly, Dr. Cline found Plaintiff

10  appeared capable of at least part-time employment despite his conclusion Plaintiff

11  had marked limitations in his ability to complete a workday/workweek.  *Id.* (citing

12  Tr. 450).  Finally, the ALJ found the DSHS examiners had inadequately explained

13  why their findings supported the conclusion that Plaintiff was unable to carry out a

14  workday/workweek even if it consisted of simple work, occasional changes, no

15  public interactions, and incidental contact with coworkers.  *Id.*

16          Regarding the inconsistencies with the record as a whole, the ALJ noted

17  most medical records indicated Plaintiff presented with little or no speech

18  abnormality, eye contact, behavior or judgment.  Tr. 578.  He was generally

19  observed to be cooperative and pleasant and demonstrated the ability to drive and

20  operate an ATV.  *Id.*  The ALJ concluded Plaintiff's relatively mild mental status

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 27

findings were not consistent with the DSHS examiners' assessments of marked/disabling limitations. *Id.*

Plaintiff points to other records in the evidence to support his argument that the ALJ erred in rejecting the DSHS examiners' opinions. ECF No. 13 at 15. However, it is the ALJ's duty to resolve conflicts in the record, and where the ALJ arrives at a rational conclusion that is supported by the record, the ALJ's decision must stand. *Andrews*, 53 F.3d at 1039; *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ provided clear and convincing reasons supported by substantial evidence for rejecting the DSHS examiners' opinions.

### 4. Dr. Andrea Shadrach, Psy.D.

Dr. Shadrach was a consultative psychological examiner who provided an opinion in September 2018 that Plaintiff had borderline intellectual functioning, low ability to immediately recall oral information, average visual and special memory, and average ability to recall verbal and visual information after a delay. Tr. 578. The ALJ gave this opinion little weight, finding it inconsistent with the record as a whole and Dr. Shadrach's own observations. *Id.*

For example, during Dr. Shadrach's exam, Plaintiff was unable to complete basic serial threes and simple multiplication but was able to add, subtract, and divide. *Id.* He was able to spell "world" backward, solved simple word problems, and performed a three-step command. *Id.* Dr. Shadrach observed Plaintiff to be

pleasant and cooperative and demonstrated generally appropriate appearance. *Id.*

Dr. Shadrach suggested Plaintiff had marked limitations in interacting with

supervisors, but this appeared to be based on Plaintiff's own subjective reports. *Id.*

This finding was also contrary to Dr. Shadrach's own report, which indicated

Plaintiff demonstrated adequate social skills and would likely get along with

coworkers. *Id.* Additionally, Dr. Shadrach did not indicate clear vocational

abilities; instead, she relied on qualifiers, such as "likely," "may," and "impacted

by," which failed to specify the exact level of functioning at which Plaintiff was

able to perform. *Id.*

The ALJ properly gave little weight to Dr. Shadrach's opinion and provided

clear and convincing reasons supported by substantial evidence for doing so.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes

that the ALJ's decision is supported by substantial evidence and free of harmful

legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is

    **GRANTED**.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 29

1       The District Court Executive is directed to enter this Order, enter Judgment

2  accordingly, furnish copies to counsel, and **close the file**.

3       DATED July 14, 2022.



THOMAS O. RICE
United States District Judge